**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OLAMIDE ONYEKACHI JOLAYEMI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1037-PRW** |
| **v.** | ) | |
| | ) | |
| **SCARLET GRANT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Olamide Onyekachi Jolayemi, a Nigerian citizen proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Response.[4] (Doc. 9). Petitioner timely filed a reply. (Doc. 10). Petitioner has also filed a Motion to Expedite, (Doc. 11), and a Notice to the Court, (Doc. 12). As fully set forth below, the undersigned recommends that the Court **GRANT** the Petition in part and order Respondents **to release Petitioner immediately**.

## I. Factual Background

Petitioner is a Nigerian citizen who was admitted to the United States on an F1 non-immigrant visa on or about August 21, 2010. (Doc. 9, at Ex. 1). His status was adjusted to that of a lawful permanent resident on June 20, 2012. (*Id.*) On August 22, 2016, Petitioner was convicted in Tulsa County for a felony violation of the Computer Crime Act. (*Id.*; Doc. 9, at Ex. 2). On April 16, 2018, ICE instituted removal proceedings against Petitioner through issuance of a Notice to Appear ("NTA"), alleging he had been admitted to the United States but was removable for having been convicted of a crime involving moral turpitude. (Doc. 9, at Ex. 1). Thereafter, Petitioner was released from ICE custody on an order of release on recognizance. (Doc. 9, at 2; Doc. 1, at 6). Petitioner states he "adhered to every condition of release for more than 7 years." (Doc. 1, at 6). "[O]n October 31, 2025, Petitioner was detained following a check-in with ICE and has been detained since." (Doc. 9, at 2; Doc. 1, at 6). Petitioner alleges that he was arrested without a warrant. (Doc. 1, at 7). He further alleges that he has not been granted a bond hearing. (*Id.* at 6).

---

[4] The Response was not filed on behalf of Respondent Scarlet Grant, now-former Warden of the Cimarron Correctional Facility, because she is not a federal official. (*See* Doc. 9, at 1 n.2). The undersigned concludes that a separate response from Scarlet Grant – or Chris Gantt, the current warden – is not necessary to resolve this matter.

An immigration judge ordered Petitioner removed on July 7, 2026. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 4, 2026). Petitioner filed an appeal on July 27, 2026, which is currently pending. *Id.* *See also* (Doc. 12, at Ex. 1). Thus, his removal order is not administratively final. 8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

## II. Petitioner's Claims

Petitioner makes the following claims for relief:

- Count I: Illegal Arrest and Detention at a Scheduled ICE Check-In Appointment Without Prior Notice of Revocation and a Meaningful Opportunity to Respond in Violation of Procedural and Substantive Due Process and the Immigration and Nationality Act ("INA") and the Administrative Procedures Act ("APA"). (Doc. 1, at 6)

- Count II: Prolonged Detention in Violation of *Demore v. Kim* After Being in Detention in Excess of 6 Months Without the Adjudication and Completion of Petitioner's Immigration Proceedings. (*Id.*)

- Count III: Prolonged Detention Without a Custody Redetermination Hearing in Violation of the Fifth Amendment Due Process Clause. (*Id.*)

- Count IV: Illegal Arrest and Detention Without a Warrant in Violation of Section 1226 of the INA and Due Process. (*Id.* at 7).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is Entitled to Immediate Release Because ICE Illegally Detained Him Without a Warrant.

Respondents do not identify what section of the INA they believe governs Petitioner's detention. Rather, they provide a "legal framework" of several sections of the INA and then conclude that "[t]he INA expressly permits the actions that occurred" pertaining to Petitioner's arrest and detention. (Doc. 9, at 7). Respondents further argue that "even if Petitioner could point to a *regulatory* requirement that was not followed, habeas is not a mechanism for courts to order the fulfillment of administrative requirements or to direct release on that basis. . . . To the extent the Court finds a *regulatory* violation, the appropriate remedy for *regulatory* noncompliance would be to order the Respondents to comply with the *regulation*." (*Id.*) (emphasis added).

Because he was lawfully admitted to the United States and became a lawful permanent resident, but then became removable for having committed a crime of moral turpitude, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(C) ("The Attorney General shall take into custody any alien who—is deportable under section 1227(a)(2)(A)(i) of this title [for committing crimes of moral turpitude] on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year."). However, Petitioner alleges he was arrested without a warrant.

Under 8 U.S.C. § 1226(a), a non-citizen may only be arrested and detained "[o]n a warrant issued by the Attorney General." As the Supreme Court has explained, the warrant requirement applies equally to non-citizens who are detained under § 1226(c):

> . . . [S]ubsection (c) is simply a limit on the authority conferred by subsection (a).
>
> Recall that subsection (a) has two sentences that provide the Secretary with general discretion over the arrest and release of aliens, respectively. We read each of subsection (c)'s two provisions—paragraph (1) on arrest, and paragraph (2) on release—as modifying its counterpart sentence in subsection (a). In particular, subsection (a) creates authority for *anyone's* arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions—while subsection (c)'s job is to *subtract* some of that discretion when it comes to the arrest and release of criminal aliens. Thus, subsection (c)(1) limits subsection (a)'s first sentence by curbing the discretion to arrest: The Secretary *must* arrest those aliens guilty of a predicate offense. And subsection (c)(2) limits subsection (a)'s second sentence by cutting back the Secretary's discretion over the decision to release: The Secretary may *not* release aliens "described in" subsection (c)(1)—that is, those guilty of a predicate offense. **Accordingly, all the relevant detainees will have been arrested by authority that springs from subsection (a)**, and so . . . that fact alone will not spare them from subsection (c)(2)'s prohibition on release. **This reading comports with the Government's practice of applying to the arrests of all criminal aliens certain procedural requirements, such as the need for a warrant, that appear only in subsection (a).**

*Nielsen v. Preap*, 586 U.S. 392, 409–10 (2019) (italics in original; bold emphasis added). Notably, the warrant requirement is a statutory, not regulatory, requirement of the INA.

Respondents do not attempt to rebut Petitioner's allegation that no warrant was issued for his arrest. The Court provided Respondents with the opportunity to provide this Court with all facts related to Petitioner's arrest. So, the undersigned presumes that no such warrant existed. "Because Petitioner was improperly detained pursuant to § 1226(a), his instant detention was unlawful from the moment it began," and he is entitled to

immediate release. *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026), *adopted*, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026) (adopting R&R "on both de novo and non-de novo review and GRANT[ING] Petitioner's Petition in so far as it alleges that he was arrested without a warrant in violation of the INA," and ordering immediate release). *See also Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) ("The Court thus agrees with [the magistrate judge] that [the non-citizen's] arrest was warrantless and that Petitioner should be immediately released."); *Li v. Gantt*, No. CIV-26-909-R, 2026 WL 2045005, at *1 (W.D. Okla. July 15, 2026) (ordering immediate release subject to an order of supervision for a petitioner detained under § 1226(a) where "nothing in the record indicates Petitioner was properly arrested pursuant to a warrant or that conditions were present which might have justified his warrantless arrest") (citation modified).

Accordingly, the undersigned recommends the Court grant Petitioner's habeas petition and order his immediate release. Because the undersigned recommends release on this basis, the Court need not address Petitioner's other claims.

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court **release Petitioner immediately from custody**, subject to any appropriate order of release, because Respondents failed to arrest Petitioner with a warrant as required by 8 U.S.C. § 1226(a). The undersigned further recommends that the Court order Respondents to certify

compliance by filing a status report within ten days of the Court's order. The undersigned further recommends that Petitioner's Motion to Expedite, (Doc. 11), be **denied as moot**.

**The undersigned advises the parties of their right to object to this Report and Recommendation by September 11, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 4th day of September, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").